SUPREME COURT. 5 How. 293–Recognized and Distinguished. 63 How. 166.

### Cure agt. Crawford.

The provision of the Revised Statutes (2 *R. S.* 516, § 47), which enacts that the proceedings to remove a tenant, shall not be *stayed* or *suspended* by any writ or order of any court or officer, is inconsistent with the provision of the Code (§ 219), which authorizes an injunction in any case where the act complained of would " produce injury to the plaintiff," and is therefore repealed (§ 468).

The only inquiry now to be made on an application for an injunction is whether the act complained of will " produce injury to the plaintiff." Hence, the duty of the Court is to ascertain whether the act which is sought to be restrained is lawful or not.

Where a landlord had instituted summary proceedings to remove a tenant on the allegation of holding over, and it appeared that the lease had been for one year with the privilege of extending it, at the tenant's option, three more, and after the commencement of the third year (the rent for the two previous years having been paid), without any notice to quit, the proceedings were commenced by summons served at the tenant's house in his absence, at 12 at noon, returnable before an alderman at 1 p. m., at a distance of 8 miles. *Held* that the time and distance of the service and return of the summons, would be tantamount to rendering judgment against the tenant without serving any summons whatever. Besides, the proceedings of the landlord were clearly illegal, for the reason that they were against the tenant as a tenant from year to year, when by the landlord's own showing he was a tenant at will, or his term had not expired. Injunction against landlord's proceedings sustained.

*New York Special Term, July* 1850. *Motion to dissolve an injunction.* Crawford, as landlord, had instituted summary proceedings to remove Cure, his tenant, from certain premises, which it was alleged he held over after the expiration of his term. The plaintiff filed his complaint to stay those proceedings. It appeared that the lease had been for one year with the privilege of extend-

ing it, at the tenant's option, three more. At the end of the first year, the tenant had continued in possession and had paid his rent for the second year. After the commencement of the third year, without any notice to quit, the landlord had instituted his proceedings. The summons was served at the tenant's house during his absence, at 12 o'clock, returnable before an alderman at one o'clock, at a distance of eight miles.

Mr. BUSTEED, for plaintiff, moved to dissolve the injunction on the strength of Smith vs. Moffat (1 *Barb. S. C. R.* 65).

N. B. BLUNT, *Contra.*

EDMONDS, Justice.—The only question which it is necessary for me to consider in this case is whether the Code has made any alteration in the law which would formerly have governed it.

My confidence in the correctness of the opinion expressed in Smith vs. Moffat (1 *Barb. Sup. C. R.* 65), has been unshaken by any thing which has been urged on this argument, but whether a new state of the law governing the case, has not arisen under the Code, is another question.

Before the Code it was a well established rule that an injunction would not issue to restrain a trespass, unless it would work an irreparable injury, or a destruction of the freehold for the uses to which it was devoted or to prevent a multiplicity of suits (Hart vs. Mayor of Albany, 9 *Wend.* 570; Livingston vs. Livingston, 6 *John. C. R.* 497; Jerome vs. Ross, 7 *id.* 315).

But now, by section 219 of the Code, an injunction may issue wherever the commission of the act complained of, during litigation would " produce injury to the plaintiff." In this respect the Code of 1849 differs materially from that of 1848. In the latter the provision was that an injunction might issue to restrain the commission or continuance of an act, the commission or continuance of which would produce great or irreparable injury to the plaintiff (*Code of* 1848, § 192; *Code of* 1849, § 219).

This enactment very greatly enlarges the power of the course in the use of a preliminary injunction and removes the inquiry which formerly was always made, namely, whether the injury was

Cure agt. Crawford.

irreparable in its character or would destroy the freehold. Now it is enough to warrant the issuing of an injunction to show that any injury would be produced to the plaintiff.

But this is not all the change in the law which this provision of the Code has wrought. Its language is very unequivocal and plainly reaches the case now before me, for the simple reason that the provision of the Revised Statutes (2 R. S. 516, § 47), which enacts that the proceedings to remove a tenant shall not be stayed or suspended by any writ or order of any court or officer is plainly inconsistent with the provision of the Code which authorizes an injunction in any case where the act complained of would produce any injury to the plaintiff, and by section 468 of the Code all statutory provisions inconsistent with that act are repealed.

So that henceforth on an application for an injunction, the inquiry is not to be, as formerly, whether the act complained of would work an irreparable injury or the destruction of the freehold, or whether it proceeded from an attempt to remove a tenant holding over, but simply whether it would produce injury to the plaintiff.

If the act is clearly right and proper it could not properly be said to produce injury to the plaintiff, but to be the removal or prevention of an injury which he was producing to the other side. And hence the inquiry and the only one, it appears to me, which under the Code can be made, is whether the act which is sought to be restrained is lawful or not.

This is very extraordinary power to be conferred on any court and it may well be doubted how far it was expedient or necessary to grant it. But that is a question with which we have nothing to do. That is reserved for other and wiser heads.

I must, therefore, inquire in this case whether the defendant's proceedings, which are restrained by the injunction, were according to law; and on this point, it appears to me very clearly that they were not.

I very much doubt whether such a proceeding could be sustained where a summons was served on the tenant, returnable at

such short time and at such a distance that it would be impracticable for him to appear, and that it would be tantamount to rendering judgment against him without serving any summons whatever. But the plain ground of illegality, as shown by the papers is, that the proceeding against the plaintiff was as a tenant from year to year, whereas, according to the landlord's own showing, he was either a tenant at will or his term had not expired, and the proceedings would inevitably be set aside on certiorari.

Under this state of things and this new condition of the law it is doubtless proper to restrain an act unlawful in itself and which must produce an injury to the plaintiff.

The motion to dissolve the injunction must be denied but without costs; but as it was suggested that the plaintiff was not responsible, he must give a new bond with adequate security.